IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 96-163 |
| | ) |
| TERRANCE DEWAYNE WILLIAMS, | ) |
| a/k/a PAT WILLIAMS, | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on defendant's Belated Notice of Appeal and Request for Certificate of Appealability (doc. 177). On April 6, 2004, the undersigned conducted a hearing to determine whether revocation of supervised release was warranted as to defendant Terrance Dewayne Williams. At the conclusion of that hearing, the Court adjudged Williams guilty of violating the conditions of his supervised release, and sentenced him to a term of imprisonment of 27 months. Williams, who was represented by appointed counsel at the revocation hearing, admitted the violation, and did not pursue a direct appeal of either the revocation or the sentence imposed on revocation.

On January 30, 2006, Williams, now proceeding *pro se*, filed a Nunc Pro Tunc Motion to Reduce Sentence (doc. 175), which was summarily denied on February 1, 2006.[1] Nearly four months later, Williams filed a Belated Notice of Appeal and Request for Certificate of Appealability (doc. 177), explaining that he had not received the February 1 Order until May 6, 2006 because the Clerk's Office sent it to his former counsel, rather than to him, even though the Motion to Reduce Sentence was filed *pro se*. The Notice of Appeal was received by the Clerk's

---

[1] The Court appointed the Federal Defender's Office for the Southern District of Alabama to represent Williams at the revocation hearing. To date, defense counsel have never formally withdrawn from further representation of Williams in these proceedings. Given that Williams is now proceeding *pro se* and that the Court's appointment Order (doc. 168) of March 29, 2004 was never intended to encompass representation of Williams in post-judgment motions attacking his sentence, the appointment of the Federal Defender's Office to represent Williams is hereby **terminated**.

Office on May 22, 2006; however, it was dated May 17, 2006 and therefore will be considered filed as of that date pursuant to the prisoner mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). According to Williams, he "had no knowledge to the Court order of February 1, 2006, until the receipt of the Court's correspondence of May 4, 2006, received on or about May 6, 2006." (Doc. 177, at ¶ 1.) For purposes of this Order, the Court will accept this representation as true. Defendant requests issuance of a Certificate of Appealability on the grounds that he should have received a "downward departure" or otherwise received credit on his federal sentence for time spent in state custody.[2]

"In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after" entry of the order from which appeal is taken. Rule 4(b)(1)(A)(i), Fed.R.App. P. Williams' Notice of Appeal was filed nearly four months after the order from which appeal is taken, and is therefore untimely on its face. Timely filing of a notice of appeal is both "mandatory and jurisdictional." *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991) (citations omitted). According to the Eleventh Circuit, this requirement "means what it says: if an appellant does not file his notice of appeal on time, we cannot hear his appeal." *Id.* (citations omitted). Moreover, requests for extension of time to file a notice of appeal must be presented to the district court, not the appellate court. *See Hulsey v. Sargent*, 15 F.3d 115, 119 (8th Cir. 1994) ("Unlike the district court, courts of appeals are prohibited from enlarging the time limits for filing a notice of appeal."). Williams has not specifically sought permission to file an out-of-time appeal; however, such a request is implicit in his filing. Therefore, given the broad construction to which *pro se* submissions are entitled, the Court will construe his notice of appeal as a motion to extend time. *See Sanders v. United States*, 113 F.3d 184, 186 (11th Cir. 1997) ("we customarily treat a late notice of appeal in a criminal case as a motion for an extension of time pursuant to Fed. R.App. P. 4(b) and remand the case to the district court for a determination of excusable neglect"); *United States v. Montoya*, 335 F.3d 73, 76 (2nd Cir. 2003) (explaining that *pro se* defendant's untimely notice of appeal should be construed as a motion to extend period for filing notice of appeal); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir.

---

[2] Williams alleged that he was sentenced in the Circuit Court of Baldwin County, Alabama, on March 17, 2005, following an arrest on February 12, 2004.

2000) (similar).

Central to the timeliness of Williams' appeal is his contention that the Clerk's Office never notified him of the February 1 Order until May 6, 2006.  By rule, the clerk of court must provide notice to a defendant regarding any order entered on any post-arraignment motion; however, a clerk's failure to do so "does not affect the time to appeal, or relieve-or authorize the court to relieve-a party's failure to appeal within the allowed time."  Rule 49(c), Fed.R.Crim.P.; *see also* Rule 77(d), Fed.R.Civ.P. (similar).  Nonetheless, upon a finding that failure to appeal in a timely manner resulted from "excusable neglect or good cause," the district court may authorize an extension, but only for a period not to "exceed 30 days from the expiration of time otherwise prescribed by this Rule 4(b)."  Rule 4(b)(4), Fed.R.App.P.; *see also United States v. Grant*, 256 F.3d 1146, 1150-51 (11th Cir. 2001) ("Grant's second notice of appeal, however, was filed ... more than 30 days late and therefore does not fall within the Rule 4(b)(4) window.").  Furthermore, the Eleventh Circuit has recognized a "unique circumstances doctrine," which excuses failure to abide by time limitations if a litigant has reasonably relied on a judicial officer's assurances.  *See Jackson v. Crosby*, 375 F.3d 1291, 1297 (11th Cir. 2004) ("The unique circumstances doctrine excuses a litigant's failure to abide by the jurisdictional time limitations established by the rules ... when the failure is caused by the litigant's reasonable reliance on a specific assurance by a judicial officer."); *United States v. Hirsch*, 207 F.3d 928, 930 (7th Cir. 2000) (characterizing "unique circumstances doctrine" as applying "only when a court expressly assures counsel or a litigant that a step has been taken correctly").

In the case at bar, Williams did not file the requisite notice of appeal within 10 days after entry of the February 1 Order.  He articulates "good cause" for not doing so by stating that he did not receive notice of that ruling until May 6, 2006 because the Clerk's Office transmitted the Order on Williams' *pro se* motion to his former counsel (who were still listed as counsel of record on the docket sheet because they had not formally withdrawn and had not been formally terminated) rather than to Williams personally at his place of incarceration.[3]  Assuming these

---

[3] To this day, the docket sheet lists Williams' address for service purposes as "unknown", even though he provided his mailing address in both his Motion to Reduce Sentence and his Notice of Appeal.  The Clerk's Office is **directed** to update the docket sheet to reflect that Williams' mailing address is Terrance D. Williams, AIS #240169, Kilby Correctional

statements are true, Williams' untimely filing was through no fault of his own. By defendant's account, then, he neither knew nor could have known of the February 1 Order until well after the prescribed time for filing a notice of appeal. This circumstance clearly satisfies the threshold of good cause or excusable neglect. Under Rule 4(b)(4), Fed.R.App.P., such good cause authorizes an extension of the time for appealing "not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)," or a total of 40 days from the date of entry of the order from which appeal is taken. *Id.* Because Williams did not appeal within 40 days after entry of the February 1 Order, a Rule 4(b)(4) "good cause" extension cannot aid him. Nor can he avail himself of the unique circumstances doctrine, as there is no allegation that Williams relied on any specific assurance by a judicial officer in connection with the filing of his notice of appeal. *See Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.*, 279 F.3d 1306, 1312 (11th Cir. 2002) (district court clerk's office's failure to serve litigant with notice of order does not constitute judicial assurance or action sufficient to warrant relief under unique circumstances doctrine); *United States v. Rapoport*, 159 F.3d 1, 3 n.2 (1st Cir. 1998) ("lack of notice alone is not a 'unique circumstance,' but rather is contemplated in the express language of Fed.R.Crim.P. 49(c)").

In light of the foregoing analysis, the undersigned reluctantly concludes that Williams' Notice of Appeal is untimely and that this Court lacks the power to grant him an extension. This result appears inequitable, given that the delays in filing the Notice of Appeal were in no way attributable to Williams but rest entirely on an apparent clerical error by court personnel which he was powerless to prevent. But a phalanx of precedent from this and other Circuits, coupled with the unambiguous language of Rule 49(c), Fed.R.Crim.P., and Rule 4(b), Fed.R.App.P., has convinced the Court that this result is mandated and that to authorize Williams' untimely appeal under these circumstances would be to commit reversible error. *See Sanders*, 113 F.3d at 186 ("lack of notice of entry of an order does not excuse the failure to file a timely notice of appeal"); *United States v. Wright*, 2005 WL 1140768 (11th Cir. May 16, 2005) (where defendant filed belated notice of appeal because he never received notice of denial of his Rule 33 motion until three years after the fact, defendant could not satisfy criteria for exceptions to time

---

Facility, P.O. Box 150, Mount Meigs, AL 36057.

limitation for appeal, such that denial of motion to file belated notice of appeal was proper); *Rapoport*, 159 F.3d at 2-3 & n.1 (where clerk's office failed to notify defendant of denial of motion for two months, notice of appeal was untimely, as failure of notice is irrelevant to jurisdictional 40-day window for appealing and appellate court lacked jurisdiction to hear untimely appeal); *Hirsch*, 207 F.3d at 930 (district court's decision to extend time for appeal by several months where clerk's error prevented timely notice of appeal was "ineffectual" because it exceeded the court's power, prompting appeals court to conclude that "[u]nsettling as it is to disadvantage Hirsch because of what may have been a clerical error, we have no choice but to dismiss this appeal"); *United States v. Tarrant*, 158 F.3d 946, 947 (6th Cir. 1998) ("a district court has the discretion to consider a motion to extend the time for appeal beyond the 10-day deadline *if and only if* it is filed within 30 days after the 10-day deadline, or 40 days from the date of the entry of the judgment," such that district court lacked jurisdiction to extend time for appeal where motion for enlargement was filed 51 days after entry of judgment); Rule 4(b)(4), Fed.R.App.P. (authorizing district courts upon finding of excusable neglect or good cause to "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)"); Rule 49(c), Fed.R.Crim.P. ("the clerk's failure to give notice does not affect the time to appeal, or relieve – or authorize the court to relieve – a party's failure to appeal within the allowed time").[4]

---

[4] The *Sanders* panel and several other courts in cases involving habeas petitions have evaded this unpalatable result by relying on Rule 4(a)(6), Fed.R.App.P., which authorizes district courts to reopen the time for filing an appeal within 180 days after the challenged judgment or order is entered if the moving party was entitled to notice but did not receive it within 21 days after entry. *See Sanders*, 113 F.3d at 187 (construing otherwise untimely notice of appeal from denial of § 2255 petition as Rule 4(a)(6) motion to reopen time for filing appeal, and remanding to district court); *United States v. Griffin*, 88 F. Supp.2d 891 (N.D. Ill. 2000) (relying on Rule 4(a)(6), Fed.R.App.P., to extend time for filing appeal in § 2255 proceedings, where defendant did not receive notice of order appealed from until four months after entry, then filed notice of appeal the very next day). But Rule 4(a)(6) applies only to appeals in civil cases, and there is no corresponding provision in the Federal Rules of Appellate Procedure that might allow reopening the time to file an appeal in a criminal case because of lack of notice of the underlying order. This matter is unquestionably a criminal case, as the February 1 Order is an order denying a motion to reduce sentence. *See United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000) (motion to reduce sentence is not properly construed as a civil postconviction motion but is rather a step in a criminal case). That said, the Court recognizes its "obligation to look

For all of the foregoing reasons, Williams' Belated Notice of Appeal is untimely and this Court lacks the authority to grant his construed request for extension of time to file his notice of appeal under Rule 4(b), Fed.R.App., and Rule 49(c), Fed.R.Crim.P.  Accordingly, Williams' motion for extension of time to file notice of appeal, construed from his Belated Notice of Appeal (doc. 177), is **denied** and his request for issuance of a Certificate of Appealability is **moot** because jurisdiction is lacking.

DONE and ORDERED this 29th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *Sanders*, 113 F.3d at 187 n.5 (citation omitted).  It might be tempting to reclassify Williams' Motion to Reduce Sentence as a § 2255 motion in order to circumvent the harsh outcome under Rules 4(b) and 49(c).  The Court will resist this temptation for two reasons.  First, the law is clear that when a *pro se* federal prisoner files a motion that is not labeled as a § 2255 motion, the district court cannot unilaterally recharacterize the motion as one under § 2255 without informing the prisoner about the ensuing restrictions on second or successive filings and giving him an opportunity to amend or withdraw the initial filing.  *See Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003); *Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1277 n.10 (11th Cir. 2004).  That process was not followed here; therefore, it would be inappropriate to recharacterize the motion to reduce sentence as a § 2255 petition, especially after it has already been denied.  Second, even if the motion were recharacterized, Rule 4(a)(6), Fed.R.App., could yield no succor because it applies only where a litigant has filed a motion to reopen within 7 days after receiving notice of the order appealed from.  Here, Williams represents that he received the Order on May 6, 2006, but he did not prepare his Notice of Appeal until May 17, 2006 according to the attached certificate of service.  After excluding intermediate Saturdays and Sundays as required by Rule 26(a), Fed.R.App.P., the Notice was drafted on the 8th day after Williams received notice, and is therefore too late to receive the benefit of Rule 4(a)(6).