IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CRIMINAL NO. 96-0163-WS |
| ) | |
| TERRANCE DEWAYNE WILLIAMS, ) | |
| a/k/a PAT WILLIAMS, ) | |
| ) | |
| Defendant.   ) | |

**ORDER**

This matter is before the Court on defendant's Motion to Clarify Sentence and Tolling to File Writ of Habeas Corpus Application (doc. 183).

On April 6, 2004, after a hearing, the undersigned adjudged defendant Terrance Dewayne Williams guilty of violating the conditions of his supervised release and sentenced him to a term of imprisonment of 27 months.[1]  Williams, who was represented by appointed counsel at the revocation hearing, admitted the violation and failed to pursue a timely direct appeal of either the revocation or the sentence imposed on revocation.  His ensuing *pro se* Nunc Pro Tunc Motion to Reduce Sentence (doc. 175) was denied, as was his construed request for an extension of time to file notice of appeal (doc. 177).  On June 23, 2006, the Eleventh Circuit dismissed Williams' appeal of the latter ruling for lack of jurisdiction because his notice of appeal was untimely.  (*See* doc. 180.)  Williams' motion for reconsideration of the Eleventh Circuit mandate was denied on August 8, 2006.  (*See* doc. 182.)

His efforts to pursue an untimely direct appeal having been fruitless, Williams now returns to this Court with a pleading entitled, "Motion to Clarify Sentence and Tolling to File Writ of Habeas Corpus Application."  In this filing, Williams requests "clarification" of his sentence in the following respects:  (i) whether the record shows that the Court, in imposing

---

[1]  The nature of Williams' violation was his possession of approximately 35 grams of cocaine on February 12, 2004, in violation of § 13A-12-231 of the Alabama Code.  At the time of his arrest, and after being Mirandized, Williams acknowledged that he was transporting the cocaine for distribution purposes.

sentence, considered Williams' time spent in custody in connection with the offense; and (ii) whether he received credit for time spent in state custody prior to his federal sentence. Williams' request for clarification is **denied**. The record, including the recorded proceedings during the April 2004 revocation hearing, speaks for itself as to how the undersigned arrived at a 27-month sentence and whether such sentence was imposed consecutively or concurrently to any period of state incarceration. Any questions that petitioner may have about the implementation of his sentence (such as which time he has received credit for in serving his 27-month federal sentence) must be directed to the Bureau of Prisons, at least in the first instance. Besides, even if Williams did not receive credit for time in state custody, the premise of his request (namely, that his sentence was necessarily rendered illegal by that omission) is incorrect because he was not entitled to a concurrent sentence for violating the conditions of his supervised release on a federal sentence by committing a felony for which he was also prosecuted and convicted in state court. *See*, *e.g.*, 18 U.S.C. §§ 3584, 3585; U.S.S.G. § 5G1.3.

Williams also requests that this Court "clarify whether a federal prisoner is presumptively entitled to full credit for his imprisonment in state prison for an otherwise bailable offense." (Motion, at 2.) It is not this Court's responsibility to explain the law to Williams, and this request has no bearing on any actual case or controversy before the undersigned. This aspect of the Motion is therefore **denied** as an improper request for an advisory opinion. *See, e.g., Dixie Electric Cooperative v. Citizens of State of Alabama*, 789 F.2d 852, 857 (11th Cir. 1986) ("Federal courts may not render advisory opinions on abstract or hypothetical propositions of law.").

Finally, Williams "moves for tolling for habeas corpus filing." (*Id.*) He offers no explanation of the basis of this request, nor does he specify what exactly he is asking this Court to do in the nature of tolling. It appears, however, that he is requesting an extension of time for filing a habeas corpus petition. Even if Williams had explained why he believes tolling is warranted here (which he has not done), this request would be improper. Courts have consistently rejected requests for advisory rulings as to whether a yet-to-be-filed petition would be subject to equitable tolling. *See, e.g., United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000) ("In short, we hold - as every other court to consider the question thus far has held - that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is

actually filed."); *United States v. McFarland*, 2005 WL 768731, *1 (5th Cir. Apr. 6, 2005) ("Before the petition itself is actually filed, there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.") (citation omitted). Accordingly, Williams' request for an advisory ruling as to whether any post-conviction petition he might elect to file in this District Court at some unspecified future time would receive the benefit of equitable tolling for some unspecified reasons is **denied**.

DONE and ORDERED this 18th day of September, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE