IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.                                                       ) | **CRIMINAL NO.  96-00163-WS** |
| ) | |
| **TERRENCE DEWAYNE WILLIAMS,**   ) | |
| ) | |
| **Defendant/Petitioner.**             ) | |

**ORDER**

This matter comes before the Court on defendant Terrance Dewayne Williams' Petition for Writ of Mandamus (doc. 190) and Motion for Final Order (doc. 191).[1]

**A.     Background.**

On April 6, 2004, Williams appeared before the undersigned on a final hearing for revocation of his supervised release.  The U.S. Probation Office recommended that Williams' supervised release be revoked because he was found to be in possession of 35 grams of cocaine on February 12, 2004, in violation of the condition of release that he refrain from committing federal, state or local offenses during the term of supervision.  (Doc. 164.)  At the hearing, Williams admitted the violation, after which the Court revoked Williams' supervised release and sentenced him to a term of imprisonment of 27 months.  (Doc. 173.)  Williams did not appeal either the revocation or the sentence imposed on same.  Williams was later prosecuted in state court for the cocaine offense that formed the basis of the revocation of his federal supervised release, and was convicted and sentenced in state court in March 2005.  The Petition for Writ of Mandamus marks the latest in a long line of attempts by Williams to litigate the issue of whether he is entitled to have these federal and state sentences run concurrently, rather than consecutively.

---

[1]     Defendant's Petition for Writ of Mandamus was received by the Clerk's Office for filing on September 22, 2008.  Because of a clerical oversight, however, the Petition was not docketed or referred to the undersigned until December 29, 2008.  Contrary to Williams' Motion for Final Order, this minor, non-prejudicial delay, in and of itself, does not necessitate or warrant kneejerk issuance of the writ.

Nearly 22 months after imposition of his federal sentence, on January 30, 2006, Williams filed a "Motion to Reduce Sentence" (doc. 175), wherein he complained that he had not received credit toward his federal sentence for time spent in state custody and urged the Court to apply U.S.S.G. §§ 5G1.2 and 5G1.3 to adjust his federal sentence on that basis.  The Court denied that Motion via endorsed Order (doc. 176) on February 1, 2006.  Some four months later, Williams attempted to appeal from the denial of his Motion to Reduce Sentence; however, both this Court and the Eleventh Circuit deemed the appeal time-barred pursuant to Rule 49(c), Fed.R.Crim.P., and Rule 4(b), Fed.R.App.P.  (Docs. 179, 180, 182.)  His attempts to gain relief via "Motion to Reduce Sentence" having failed, Williams proceeded to file a "Motion to Clarify Sentence and Tolling to File Writ of Habeas Corpus Application" (doc. 183) on September 14, 2006.  That Motion was denied via Order (doc. 184) entered four days later, wherein this Court explained that (a) the record was clear as to Williams' sentence, such that clarification was unwarranted; (b) Williams' concerns about the computation of his sentence must be directed to the Bureau of Prisons, at least in the first instance; (c) Williams was not entitled to a concurrent sentence for violating the conditions of his supervised release on a federal sentence by committing a felony for which he was also prosecuted and convicted in state court; (d) Williams' request for an advisory opinion as to whether he was presumptively entitled to full credit for his time in state prison was inappropriate, and therefore denied; and (e) Williams' pre-filing request for equitable tolling as to a nonexistent habeas petition was impermissible, and therefore denied.  Williams did not appeal from this ruling.

His "Motion to Reduce Sentence" and the "Motion to Clarify Sentence" having failed, Williams protested the computation of time served on his federal sentence a third time by filing a "Motion Requesting Probation Time to Run Concurrent with State Sentence" (doc. 185).  That Motion was denied via endorsed Order (doc. 186).  Williams' fourth attempt to litigate this issue came in the form of a "Motion to Reconsider Consecutive Portion of Sentence Motion to Resentence Defendant to a Concurrent Term" (doc. 187) filed on June 5, 2008.  That Motion was also denied by endorsed Order (doc. 188).

Now Williams comes forward with yet a fifth attempt to relitigate the manner in which he is or is not receiving credit towards his federal sentence for state time served, this time in the form of a Petition for Writ of Mandamus (doc. 190).  In this Petition, Williams rehashes,

reargues, and repackages previously raised and rejected arguments by copying and pasting excerpts from his previous motions, but recasting them as constitutional deprivations.  In particular, Williams insists that his due process rights were violated "[w]hen the Federal Government started and stoped given [*sic*] defendant credit on time served on his federal conviction on April 6, 2004."  (Doc. 190, at 1.)   He protests that after he was sentenced in state court in March 2005 on the underlying offense, "the Federal Government" stopped his federal time from running and allowed the state to take jurisdiction over him without an order from this Court.  (*Id.* at 2.)  Williams then repeats his arguments that he is entitled to resentencing under U.S.S.G. §§ 5G1.2 and 5G1.3, and that he is "presumptively entitled to full credit for his imprisonment in state prison."  (*Id.* at 3-4.)

**B.     Discussion.**

There are a host of fatal defects with Williams' attempt to utilize the mandamus remedy to re-argue sentence computation or resentencing issues.  For brevity's sake, this Order will focus on two of those infirmities.

First, the crux of Williams' motion is his apparent dissatisfaction with the computation of his federal sentence credits by "the Federal Government," and his belief that "the Federal Government" should have given him credit on his federal sentence for time served on his state sentence.  To be clear, "the Federal Government" is the Bureau of Prisons because that entity, and not this Court, is responsible for computing sentencing credits following sentencing.  *See United States v. Williams*, 425 F.3d 987, 990 (11th Cir. 2005) ("the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing").  The law is crystal clear that complaints of this sort must be articulated to the Bureau of Prisons via its administrative processes in the first instance.  *See, e.g., United States v. Flanagan*, 868 F.2d 1544, 1546 (11th Cir. 1989) ("a federal prisoner dissatisfied with the computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence").  "Exhaustion of administrative remedies is jurisdictional." *Williams*, 425 F.3d at 990 (citation omitted).  There is no indication that Williams has ever pursued, much less exhausted, administrative remedies relating to his unhappiness with the Bureau of Prisons' computation of his sentence credits; therefore, this Court lacks jurisdiction over his present

petition.

Second, even setting aside the obvious exhaustion problem, Williams has fallen far short of meeting his heavy burden for issuance of a writ of mandamus. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations ... to remedy a clear usurpation of power or abuse of discretion. ... It is only available when there is no other adequate means to obtain relief." *United States v. Fernandez-Toledo*, 737 F.2d 912, 919 (11th Cir. 1984) (citations and internal quotation marks omitted). "The petitioner seeking the writ carries the burden of showing that its right to the issuance of the writ is clear and indisputable." *Carpenter v. Mohawk Industries, Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (citations and internal quotation marks omitted); *see also United States v. Coy*, 19 F.3d 629, 635 (11th Cir. 1994) ("In order to be entitled to a writ of mandamus, a party must demonstrate that no other remedy is available and that it has a clear and indisputable right to the writ's issuance.") (citations and internal quotation marks omitted).

Williams has shown neither that he has a "clear and indisputable" right to the writ's issuance nor that he lacks other means of obtaining relief. As to the former, contrary to Williams' apparent belief, he has no constitutional, statutory or other right to have his federal sentence on revocation of supervised release run concurrently with a subsequently imposed state sentence for the offense that prompted the revocation. *See United States v. Andrews*, 330 F.3d 1305, 1306 (11th Cir. 2003) (opining that Eleventh Circuit precedent establishes that a federal sentencing court has the authority to impose a consecutive sentence to an unimposed, future state court sentence on pending charges); *United States v. Ballard*, 6 F.3d 1502, 1505 (11th Cir. 1993) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.") (citation omitted); U.S.S.G. § 7B1.3 Application Note 4 ("it is the Commission's recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation"). As to the latter, it is simply not true that Williams has "no other adequate means to obtain relief" regarding the sentencing computation issues raised herein. There are administrative remedies before the Bureau of Prisons that, by all appearances, he has failed to exhaust. Moreover, Williams has or may have other statutory remedies available after those administrative remedies are exhausted.

*See Williams*, 425 F.3d at 990 ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.") (citation omitted).  In light of Williams' failure to establish a clear and indisputable right to the drastic, extraordinary remedy of a writ of mandamus, and his failure to show that he lacks other adequate means of obtaining relief, his Petition is without merit.

**C.    Conclusion.**

For all of the foregoing reasons, Williams' Petition for Writ of Mandamus (doc. 190) is **denied**.  In light of this determination, the Motion for Final Order (doc. 191) and "Affidavit of Substantial Hardship" (doc. 189), the latter of which was filed improperly on a state court form rather than a federal form, are **moot**.

DONE and ORDERED this 30th day of December, 2008.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
